INTERNATIONAL & G. N. RY. CO. v. J. E. BRYANT & CO. (No. 1354.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 26, 1914.)

APPEAL AND ERROR (§ 1042*)—PLEADINGS—ANSWER—EXCEPTIONS—PREJUDICE.

Where berries were damaged by the negligence of the initial carrier in furnishing an improper car, such carrier was not prejudiced by sustaining an exception to its answer pleading a stipulation that the carrier's liability should terminate on delivery to the connecting carrier.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4110–4114; Dec. Dig. § 1042.*]

Appeal from District Court, Smith County; Jasse F. Odom, Judge.

Action by J. E. Bryant & Company against the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

---

Fitzgerald, Butler & Bulloch, of Tyler, Morris & Sims, of Palestine, and Wilson, Dabney & King, of Houston, for appellant. Price & Beaird, of Tyler, for appellee.

WILLSON, C. J. Appellees were the consignees' of a car load (350 crates) of strawberries delivered to appellant at Tyler for transportation over its line and connecting lines of railway to Amarillo. Appellees claimed that, because appellant "negligently failed and refused to furnish a properly equipped car with sufficient ice bunkers and to properly ice and refrigerate the car it did furnish," the berries were so damaged in transit as to be worth $700 less than they otherwise would have been worth. Special issues were submitted to the jury, and they found that the berries were in good condition when delivered to appellant for transportation, and were in bad condition when they reached Amarillo. The jury further found that the car furnished by appellant was not a proper one, and that same was not properly equipped for transporting the berries, and further that same was not properly iced and refrigerated while in appellant's custody in transit. The jury having further found that the berries were worth $372 less when they reached Amarillo than they would have been worth had they reached there in good condition, the court on their findings and findings of his own rendered judgment in appellees' favor for said sum of $372.

It is not believed either of the assignments presents a reason why the judgment should be reversed.

If the trial court erred, as is asserted, in sustaining an exception to the portion of the answer setting up a stipulation in the bill of lading covering the shipment, that appellant's liability should terminate when it delivered the berries to a connecting carrier, the error should be treated as harmless, in view of the fact that it appears from the record that there was testimony to support a finding, involved in the judgment, that the damage to the berries was due to negligence on the part of appellant in furnishing a car unfit for use in transporting the berries.

It was not error to overrule the objections urged to the testimony of the witnesses who loaded the 54 crates of berries at Swan. The testimony was admissible. 1 Wigmore on Ev. § 98.

The judgment is affirmed.